IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL DILLON CRUZ, | : | |
| Plaintiff, | : | CIVIL NO. 1:12-CV-1392 |
| v. | : | Hon. John E. Jones III |
| RICHARD L. SOUTHERS, *et al.*, | : | |
| Defendants. | : | |

## **MEMORANDUM**

October 22, 2012

## **THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

On July 19, 2012, Plaintiff Michael Dillon Cruz ("Plaintiff" or "Cruz"), a state inmate presently confined at the State Correctional Institution Rockview ("SCI Rockview") in Bellefonte, Pennsylvania, initiated the above action *pro se* by filing a civil rights Complaint under the provisions of 42 U.S.C. § 1983. (Doc. 1.) By Order dated August 30, 2012, this case was dismissed without prejudice as a result of Plaintiff's failure to fully comply with our July 23, 2012 Administrative Order directing him either to pay the $350.00 filing fee or file a properly completed and signed application to proceed *in forma pauperis* and authorization form within thirty (30) days. (Doc. 6.) However, following Cruz's submission on October 3, 2012 of the properly completed paperwork to request *in forma pauperis* status, by Order dated

October 4, 2012, this case was re-opened. (Doc. 8.)

Based upon Cruz's request for leave to proceed *in forma pauperis*, this case currently is before the Court for screening under the provisions of 28 U.S.C. § 1915. For the reasons set forth below, the Complaint will be dismissed with prejudice under the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

I.   **ALLEGATIONS OF THE COMPLAINT**

Named as Defendants in the Complaint are Richard L. Southers, the Superintendent of the State Correctional Institution Camp Hill ("SCI Camp Hill") in Camp Hill, Pennsylvania; Paula Palmer, the Clerk of Court of Venango County; Marie T. Veon, an Assistant District Attorney in Venango County; Judge Robert L. Boyer of the Venango County Court of Common Pleas; the Supervisor of the Butler County Social Security Administration; the Pennsylvania State Police Department Supervisor; and the Department of Motor Vehicles Supervisor.

In this action, Cruz seeks $185 million dollars in damages based upon his claim that Defendants have wrongfully failed to investigate his true Social Security Number and name, thereby allowing him to be convicted, sentenced, and confined for crimes that he did not commit. He specifically alleges as follows:

After Cruz's mother gave birth to him at Interfaith Hospital in Brooklyn, New York, she failed to register him with the Department responsible for issuing birth certificates before leaving the hospital. (Doc. 1 at 3 ¶ 4.) Subsequently, Cruz's step-father, whose last name is Ortiz, decided to illegally change Cruz's name from "Michael Cruz" to "Michael Dillon Ortiz" and also made up a Social Security Number for Cruz. (*Id.* ¶ 5.) Cruz then began a "new life as an illegal individual in the United States", and he was listed under this made up name and Social Security Number by the federal government, Department of Corrections, Motor Vehicle Department, and "local State Police Department." (*Id.* ¶ 6.) However, the Social Security Administration refused to accept the number provided by Cruz, informing him that it belonged to "another older gentleman with a totally different name." (*Id.* at 3-4 ¶ 6.)

Cruz alleges that he has an arrest record under the "false name and wrong social security number." (*Id.* at 4 ¶ 7.) He claims that he has been falsely convicted and imprisoned for a crime that he did not commit because of the "laziness" of Defendants in failing to check his Social Security Number and name. (*Id.* ¶ 8.) In particular, he blames the Social Security Administration for failing to do their job by assisting him in obtaining the "right social security number" (*id.* at 5 ¶ 9); the Acting Chief Clerk of the Venango County Court of Common Pleas for not checking Cruz's identification,

3

and instead just "typing up the information that was submitted to her from a [police officer]" (*id.* ¶ 10); the Superintendent of SCI Camp Hill for accepting the Commitment Sheet from the Venango County Clerk and sentencing judge and not instructing his employees to run a check of Cruz's identity on a national database (*id.* at 6 ¶ 11); the Assistant District Attorney who prosecuted his case for just accepting information about Cruz's identity from a local police department and prosecuting the wrong individual (*id.* ¶ 12); and the sentencing judge for failing to verify information before convicting him (*id.* at 7 ¶ 13).

In addition, Cruz seeks to impose liability on the "Butler County Social Security Administration" for failing to assist him in obtaining a Social Security card (*id.* ¶ 14); the Pennsylvania State Police Department for failing to verify information to check Cruz's identity (*id.* ¶ 15); and the Pennsylvania Department of Motor Vehicles for failing to provide an identification for Cruz "to join the Military, enter College, have a fruitful job to care for his self [*sic*] and to live a fruitful life in the community" (*id.* ¶ 16).

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B)(ii), a federal court must dismiss a case filed *in forma pauperis* if the court determines that the complaint "fails to state a claim

4

on which relief may be granted." In reviewing the legal sufficiency of a complaint, the Court must accept the truth of the plaintiff's factual allegations. *Morrison v. Madison Dearborn Capital Partners III L.P.*, 463 F.3d 312, 314 (3d Cir. 2006). The controlling question is whether the complaint "alleges enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (rejecting the "no set of facts" language from *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555 (citation omitted). To survive a motion to dismiss, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id.

Pro se pleadings are to be construed liberally, *Haines v. Kerner,* 404 U.S. 519, 520 (1972), and pro se litigants are to be granted leave to file a curative amended complaint "even when a plaintiff does not seek leave to amend . . . unless such an amendment would be inequitable or futile." *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004). However, a complaint that sets forth facts which affirmatively

5

demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend. *Grayson v. Mayview State Hospital*, 293 F.3d 103, 108 (3d Cir. 2002).

## III. DISCUSSION

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the United States Supreme Court ruled that a constitutional cause of action for damages does not accrue "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," until the plaintiff proves that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87.

As set forth above, Cruz seeks $185 million in monetary damages based upon his claim that Defendants' failure to investigate his true identity has resulted in his wrongful conviction and confinement. An award of monetary relief would implicate the validity of Cruz's criminal conviction. He therefore cannot pursue his claims regarding the constitutionality of his conviction unless he can demonstrate that his conviction has been declared invalid by a state tribunal or has been called into

question by a federal court's issuance of a writ of habeas corpus.

This Court has reviewed the relevant state court criminal records and has ascertained that, on January 30, 2012, Cruz entered into pleas of guilty but mentally ill in two separate cases in the Court of Common Pleas of Venango County, Pennsylvania. In the first case, he pled guilty but mentally ill to one count of aggravated assault based upon an offense committed on September 30, 2011 and was sentenced on March 26, 2012 to a term of imprisonment of forty (40) months to ninety-six (96) months with credit for 179 days served. (*See Commonwealth v. Cruz,* CP-61-CR-0000683-2011.[1]) In the second case, Cruz pled guilty but mentally ill to two counts of aggravated assault based upon an offense committed on December 7, 2011 and was sentenced on March 26, 2012 to a term of incarceration of eight (8) to twenty-four (24) months. (*See Commonwealth v. Cruz*, CP-61-CR-0000849-2011[2].) While Cruz filed an emergency petition for writ of habeas corpus in one of his cases on July 23, 2012, that petition was construed by the sentencing court as a post-sentence motion and denied as untimely on July 31, 2012. (*See Commonwealth v.*

---

[1] *See* Common Pleas Courts Docket Sheets, available through Pennsylvania's Unified Judicial System Webportal, http://ujsportal.pacourts.us/DocketSheets/CP.aspx

[2] *See supra* n.1.

*Cruz*, CP-61-CR-0000683-2011.[3])  It is apparent upon review of both dockets that Cruz has not appealed from his judgments of sentence, and this Court's search of the Pennsylvania Superior Court electronic dockets[4] yielded no records for Cruz.  (*Id.*)  Accordingly, there is no indication either from the Complaint in this action, or the relevant state court records, that Cruz's conviction has been invalidated by any state court.  In addition, where Cruz's conviction has not been reviewed by any state court, it follows that he has not exhausted his claims so as to be eligible to obtain federal habeas review, and thus, he cannot demonstrate that his criminal conviction has been called into question by a federal court's issuance of a writ of habeas corpus.  Consequently, Cruz has not made the necessary showing to allow him to pursue monetary damages in this action based upon his alleged unconstitutional confinement.  Because Cruz's conviction has not been determined to be unlawful, his claims asserted in the instant action are barred by *Heck*.

## IV.  CONCLUSION

Based on the foregoing, we must dismiss Cruz's Complaint for failure to state a claim upon which relief may be granted under the provisions of 28 U.S.C.

---

[3]*See supra* n.1.

[4]*See* Appellate Courts Docket Sheets, available through Pennsylvania's Unified Judicial System Webportal,  <http://ujsportal.pacourts.us/docketsheets/appellate.aspx>

8

§ 1915(e)(2)(B)(ii). Because no amendment to the Complaint would allow Cruz to state a claim upon which relief may be granted, amendment would be futile, and thus, we shall dismiss the Complaint with prejudice. *See Alston*, 363 F.3d at 235; *Grayson*, 293 F.3d at 108.

An appropriate Order will issue on today's date.